**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMADO MIGUEL BARO RAMIREZ, | § § | CIVIL ACTION NUMBER 4:26-cv-00931 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Amado Miguel Baro Ramirez filed a petition for writ of *habeas corpus* under 28 USC §2241 on February 5, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates (i) the Fourth Amendment, (ii) the Immigration and Nationality Act, and (iii) the Due Process Clause of the Fifth Amendment. See id at ¶¶10, 21–35.

Prior order indicated that the petition appeared to raise only issues previously resolved in prior decisions by the undersigned and the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026). See Dkt 4 at 1–4; see also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect as *Buenrostro-Mendez*).

Even so, Petitioner was given opportunity to file a supplementary response with distinguishing facts and arguments. Id at 4–5. Petitioner did so, raising somewhat novel issues not clearly resolved by prior decisions. See Dkt 6. The Government was thus ordered to show cause with a filing as to the propriety of Petitioner's continued detention. See Dkt 7 at 1–2.

Pending is a motion by the Government for summary judgment in response. Dkt 8. It contends that the argument under the Fourth Amendment fails as it relies on a reading of §1225 rejected in *Buenrostro-Mendez*. See id at 3–4. It further argues that Petitioner's detention doesn't violate either procedural or substantive due process. See id at 4–5, citing *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex). Petitioner responds that his due process and Fourth Amendment claims survive summary judgment. Id at 2–8.

For the reasons stated below, the motion for summary judgment will be granted, and the petition for writ of *habeas corpus* will be denied.

*As to due process*, Petitioner's claims fail on the merits. As the Government notes, the undersigned has recently held in a similar case that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention. See *Penafiel Clavijo*, 2026 WL 923310 at *2–4.

Petitioner's attempts to distinguish *Penafiel Clavijo* are unavailing. He points to the length of residency within the United States and the fact that he has citizen children with documented medical needs. Dkt 9 at 7. Such circumstances are without question sympathetic. Even so, "Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme." *Connecticut Department of Public Safety v Doe*, 538 US 1, 8 (2003). Petitioner cannot make such a showing here, as §1225(b)(2)(A) mandates detention for all individuals who enter the country unlawfully, without reference to their length of residency or individualized circumstances. The claim with respect to procedural due process thus lacks merit.

Petitioner also raises a novel substantive due process argument, relying on Justice Kennedy's "controlling concurrence" in *Demore v Kim*, 538 US 510 (2003). Dkt 9 at 3–4. He relies on *Marks v United States* for the proposition that, when the Supreme Court is fragmented and decides a case with no single rationale joined by five Justices, the controlling position is that of the Justices who concurred in the judgment on the narrowest grounds. Dkt 9 at 3–4, citing 430 US 188, 193 (1977). But here, four Justices, including Justice Kennedy, joined the portion of the *majority* opinion in *Demore* instructing, "Detention during removal proceedings is a constitutionally permissible part of that process." 538 US at 531; id at 533 (Kennedy, J, concurring and joining majority opinion in full); see also id at 540 (O'Connor, Scalia, and Thomas, JJ, disagreeing as to jurisdiction but otherwise joining majority opinion). That instruction thus controls here. And regardless, Petitioner's detention hasn't yet exceeded even the six-month period recognized as presumptively reasonable in *Zadvydas*, 533 US at 701. See Dkt 1 at ¶11 (stating Petitioner was detained in January 2026). His substantive due process claim thus fails.

*As to the Fourth Amendment*, Petitioner's claim is premised on argument that §1225 doesn't apply to him and that his arrest was thus "unsupported by statutory authority." Dkt 1 at ¶¶21–24. That argument is foreclosed by the Fifth Circuit's holding that §1225(b)(2)(A) mandates detention for those who entered the United States unlawfully. See *Buenrostro-Mendez*, 166 F4th at 502–08.

He also contends in this regard that the "constitutionality of the initial seizure, including the adequacy of probable cause and the propriety of the warrantless arrest," present distinct arguments. Dkt 9 at 7. In the first place, Petitioner may not now, without seeking leave to amend, raise a claim related to the lawfulness of arrest independent of his claim under the INA when he failed to include such in his initial petition or his response to prior order. See Dkt 1 at ¶¶21–24. But even if Petitioner had presented a claim with respect to

3

warrantless arrest independent of his reading of the INA, it would necessarily fail on the merits. The Supreme Court holds that "the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *INS v Lopez-Mendoza*, 468 US 1032, 1040 (1984). As such, an illegal arrest has no bearing on the legality of detention *following* that arrest. See *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex).

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner Amado Miguel Baro Ramirez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 13, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge